## FRASER v. DES MOINES WHOLESALE GROCER CO.

(Circuit Court of Appeals, Eighth Circuit. April 23, 1924.)

No. 6464.

Sales ⬤⟹77(2)—Minimum price fixed by contract held flexible, to accommodate itself to changes in freight rates.

Under a contract for sale of sugar for future delivery, fixing a minimum and maximum price, the buyer being bound to accept at the minimum price, and acceptance at any higher price being optional, but containing a provision that "it is mutually agreed that prices herein, both minimum and maximum, are subject to any changes of freight rates prior to the completion of this contract." the minimum price was flexible, and subject to the addition or subtraction of the amount of any change in freight rates.

In Error to the District Court of the United States for the Southern District of Iowa; Martin J. Wade, Judge.

Action at law by William C. Fraser, trustee in bankruptcy of the Nebraska-Iowa Mercantile Company, against the Des Moines Wholesale Grocer Company. Judgment for defendant, and plaintiff brings error. Reversed and remanded.

Alfred C. Munger, of Omaha, Neb. (C. H. Johnston, of Des Moines, Iowa, and Raymond M. Crossman, of Omaha, Neb., on the brief), for plaintiff in error.

William G. Harvison, of Des Moines, Iowa (Horatio F. Dale, of Des Moines, Iowa, on the brief), for defendant in error.

Before STONE and LEWIS, Circuit Judges, and PHILLIPS, District Judge.

STONE, Circuit Judge. This is an action by the seller to recover on a contract for the purchase of sugar. From an adverse judgment, on a directed verdict, plaintiff below sues this writ. The facts were stipulated.

The sole question here is the proper construction of the contract. The parties knew that the seller would obtain the sugar from certain Western refineries and that refinery prices as well as freight rates might change and affect the cost to the seller. The contract price was not fixed at one definite amount but was based on a stated minimum and maximum price. There was a positive obligation to accept and pay for the sugar if tendered at the minimum rate, but, if tendered at a higher price than the minimum, the acceptance was optional with the buyer. During the life of the contract, the freight rate from the refinery to Omaha was increased by slightly over 20 cents a bag. The sugar was tendered at the minimum price plus this increase. The buyer refused to accept the sugar, contending that an increase in freight rates was not contemplated by the contract as forming part of the minimum price, but constituted an increase of such minimum which made operative the option clause of the agreement The matter for construction is, therefore, whether the minimum price stated in the

contract was an unchangeable amount or whether it was flexible to take care of changes in freight rates to Omaha.

The portions of the contract pertinent to this inquiry are as follows:

"It is understood and agreed that the price of said beet sugar shall not be less than $16.12, f. o. b. Omaha, nor more than $22.12, f. o. b. Omaha, party of the second part agreeing to accept said beet sugar in any event at the minimum price of $16.12 and pay for same, but in case party of the first part should find it necessary to ask party of the second part to pay more than the minimum price herein shown, then said price shall be optional with party of the second part and said party of the second part need not accept shipment of sugar.

"It is further understood that party of the second part shall be notified of price to be charged by party of the first part on the 1st day of each two-week period approximately starting with October 15, 1920, and ending three (3) months thereafter, and should party of the second part elect not to accept said sugar, the advance payment of five dollars ($5.00) per bag, acknowledged herein, will be returned to him less the necessary cost of resale as herein provided; i. e., party of the second part herein shall be bound to party of the first part to pay not to exceed three and six-tenths cents (3.6 cents) per bag for the actual commission, cost and expense of resale of said sugar, the refinery from which said sugar is purchased undertaking and agreeing that it will so resell said sugar."

"It is mutually agreed that prices herein, both minimum and maximum, are subject to any changes of freight rates prior to the completion of this contract."

We think the above-quoted provisions mean that the parties intended that the minimum price should be flexible and accommodate itself to changes in freight rates. Otherwise, the last clause quoted is meaningless.

The above view makes it unnecessary for us to consider the further claim of plaintiff in error that the doctrine of res adjudicata is applicable.

The judgment must be and is reversed and remanded for new trial.